### 144

Frank J. McCabe
vs.  W.C.A.Pet.No.181
Byron C. Jordan

April 19, 1918

TANNER, P. J. This case is heard upon the petition of the attending physician for the allowance of a bill of $187 for removing an eye and treatment of the same.

The employer contends that the rule to be followed in determining the amount of a physician's bill is that only such rates should be allowed as are ordinarily charged for such services in the locality of persons of the station of the person treated, not of the employer or of those having the financial resources of the insured. Several authorities have been cited which sustain this contention. They are mainly, however, decisions of state commissions having charge of the administration of compensation acts. We are inclined to think that the true rule ought to be somewhere between the two extremes mentioned in the rule contended for. Our Act provides for "reasonable" fees for physicians. In many cases the fees which are charged to poor people are not the reasonable value of the services rendered but are really a matter of charity. So far as fees charged to laboring men partake of charity, we do not

think that they are the reasonable fees to which physicians should be entitled under the Act. On the other hand, we do not think that the fees should be enhanced because of the liability of an employer or insurance company and they should not be based upon their ability to pay large fees. We think the fees should be those that a person in moderate circumstances could pay and would ordinarily be charged. They should not be based upon fees charged to people in flourishing circumstances, nor, on the other hand, should they be limited to those which are charged to poor people as a matter of charity.

Coming to the case in question, we think the fee charged for the operation was a moderate fee, but we are

### 145

very much inclined to doubt whether the large number of visits at $5 a visit was necessary. The patient was in a hospital which the physician was regularly visiting. We doubt very much if in ordinary circumstances such a number of visits would have been deemed necessary. We have therefore decided to allow the sum of $125.

For Petitioner: Cunningham & O'Connell.

For Respondent: F. A. Jones.